UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEAN JUNKER,

        Petitioner,        Case No. 2:12-cv-462

v.        Honorable R. Allan Edgar

D. MACLAREN,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

Petitioner is incarcerated in the Alger Maximum Correctional Facility. He was convicted in the Grand Traverse County Circuit Court of two counts of second-degree criminal

sexual conduct for which he was sentenced on May 11, 2006, to imprisonment of twenty to thirty years. According to the petition, Petitioner did not pursue a direct appeal of his conviction, but this Court located the docket and opinion of the Michigan Court of Appeals affirming the conviction challenged by Petitioner in this action.[1] *See People v. Junker*, No. 271851, 2007 WL 4404645 (Mich. Ct. App. Dec. 18, 2007). The Michigan Supreme Court subsequently denied Petitioner's application for leave to appeal on May 29, 2008.

On August 21, 2009, Petitioner filed his first motion for relief from judgment in the Grand Traverse County Circuit Court raising claims of ineffective assistance of trial and appellate counsel. The circuit court denied the motion on March 9, 2010. (*See* docket #2-2, Appendix B, Page ID#31-33.) Petitioner did not appeal that decision to the Michigan appellate courts.

Petitioner filed a second motion for relief from judgment in the Grand Traverse County Circuit Court on March 5, 2012. In that motion, Petitioner raised new claims of prosecutorial misconduct and ineffective assistance of trial counsel. Under Michigan law, only one motion for relief from judgment may be filed with regard to a conviction. MICH. CT. R. 6.502(G)(1). Consequently, the circuit court issued an order on March 21, 2012, denying Petitioner's motion as an improper successive motion. (*See* docket #2-1, Appendix B, Page ID#29.) On June 19, 2012, the Michigan Court of Appeals rejected Petitioner's application for leave to appeal because Petitioner's appeal from the denial of a successive motion for relief from judgment was prohibited by M.C.R. 6.502(G)(1). (*See* docket #2-3, Appendix B, Page ID#35.) The Michigan Supreme Court rejected Petitioner's application for leave to appeal on the same grounds in an order issued on November 20, 2012. (*See* docket #2-4, Appendix B, Page ID#37.)

---

[1] Petitioner's primary challenge to his conviction related to the state trial court's refusal to accept his plea of no contest. Petitioner also challenged the admission of 404(b) evidence.

Petitioner now brings the following grounds for habeas corpus relief in his amended petition (verbatim):

> I. Where the prosecutor refused to exercise its affirmative duty to correct their witness' false testimony, that limited defense counsel's cross-examination and then repeatedly asserted a personal belief of defendant's guilt in argument, together with multiple instances of vouching for the state's witnesses, which deprived him of a fair trial, nor cured by cautionary instructions.
>
> II. Defendant was denied his state and federal constitutionally protected rights to due process, equal protection and effective assistance of counsel, where defense counsel failed to investigate, file motions or prepare for defendant's trial and entirely failed to subject the prosecutor's case to a meaningful adversarial testing, which rendered the outcome of his trial unreliable that requires automatic reversal. . . .
>
> III. Counsel's failure to investigate his options and present a coherent argument to defendant's judge or jury based on a defense of police fabrication, rendered his trial fundamentally unfair and unreliable, constitutes ineffective assistance of counsel.

(Am. Pet., docket #6, Attach. C, Page ID##59-61.)

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on May 29, 2008. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on August 27, 2008. Without the benefit of tolling, Petitioner had one year, until August 27, 2009, to file his habeas application.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner filed his first motion for relief from judgment

- 4 -

on August 21, 2009, six days before the statute of limitations expired. A motion for post-conviction relief is considered "pending" during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court on collateral review. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). The circuit court denied Petitioner's motion on March 9, 2010. Petitioner did not appeal the denial of his motion, but for purposes of this report and recommendation, the Court will assume that the motion for relief from judgment was pending during the one-year period that Petitioner could have filed an application for leave to appeal in the Michigan Court of Appeals. *See* M.C.R. 7.205(F).[3] Consequently, the statute of limitations remained tolled until March 9, 2011. Thereafter, Petitioner had six days remaining in the limitations period, until March 15, 2011, in which to file his habeas petition. Petitioner filed the instant petition on or about December 2, 2012[4], more than a year after the statute of limitations expired. Thus, the petition is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not revive the limitations period or restart the clock; it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim

---

[3] In 2011, the rule was amended to reduce the late appeal period from twelve months to six months. Because the circuit court's order was issued in 2010, Petitioner still had 12 months in which to file a delayed application for leave to appeal.

[4] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on December 2, 2012, and it was received by the Court on December 7, 2012. Thus, it must have been handed to prison officials for mailing at some time between December 2 and 7. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 2011, his second motion for relief from judgment filed in 2012 cannot serve to revive the limitations period.

Even if Petitioner's second motion for relief from judgment was filed before the statute of limitations expired, it was not "properly filed" within the meaning of § 2244(d)(2). An application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz*, 531 U.S. at 8 (emphasis in original). As discussed above, Petitioner was prohibited from filing a second motion for relief from judgment pursuant to MICH. CT. R. 6.502(G)(1). Because Petitioner's second motion was filed in violation of state law, it may not serve to toll the limitations period. *Williams v. Birkett*, 670 F.3d 729, 733 (6th Cir. 2012) (holding that second motion for relief from judgment that does not meet the limited exceptions of MICH. CT. R. 6.502(G)(1) is not properly filed and does not toll the statute of limitations) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005), and *Artuz*, 431 U.S. at 10-11); *see also Rodriguez v. McQuidgen*, No. 08-cv-13263, 2009 WL 2742004, at *3 (E.D. Mich. Aug. 25, 2009) ("Because Petitioner's second unauthorized post-conviction motion was not 'properly filed' under Michigan law, it was not 'properly filed' for purposes of § 2244(d)(2)."). Consequently, Petitioner's second motion for relief from judgment filed in 2012 could not toll the statute of limitations.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420;

*Allen*, 366 F.3d at 401. The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace*, 544 U.S. at 418); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner contends that equitable tolling should be applied in his case to prevent manifest injustice because he is actually innocent of the crimes for which he was convicted. The Sixth Circuit has held that a habeas petitioner who demonstrates a credible claim of actual innocence based on new evidence may, in exceptional circumstances, be entitled to equitable tolling of habeas limitations. *See McCray v. Vasbinder,* 499 F.3d 568, 577 (6th Cir. 2007); *Souter v. Jones*, 395 F.3d 577, 597-98 (6th Cir. 2005). A petitioner seeking equitable tolling under the actual innocence exception need not also prove that he has been diligent in pursuing his rights. *See Perkins v. McQuiggan*, 670 F.3d 665, 673-74 (6th Cir. 2012).

Petitioner, however, fails to meet the standard for proving a claim of actual innocence. To support a claim of actual innocence, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Shlup v. Delo*, 513 U.S. 298, 327 (1995); *Souter*, 395 F.3d at 590, 598-99; *Allen*, 366 F.3d at 405. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore,

actual innocence means "factual innocence, not mere legal insufficiency." *Souter*, 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998). A petitioner "must produce evidence of innocence so strong that the court can not have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Allen*, 366 F.3d at 405 (internal quotations and citations omitted). Petitioner has made no showing of innocence in this case. He has presented no new reliable evidence in support of his claim of actual innocence. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: February 7, 2013

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).