UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

DEAN JUNKER,

        Petitioner,         Case No. 2:12-cv-462

v.                                    Honorable R. Allan Edgar

D. MACLAREN,

        Respondent.
_____/

## **MEMORANDUM AND ORDER**

U.S. Magistrate Judge Greeley entered a Report and Recommendation ("R&R") recommending that Petitioner's § 2254 habeas petition be dismissed with prejudice. Doc. No. 8. Petitioner has filed objections to the R&R. Doc. No. 9, 11, 12, 14. This Court is required to make a de novo determination of those portions of the R&R to which objections have been filed, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Magistrate Judge Greeley recommended that Petitioner's petition be denied because it is barred by the one-year statute of limitations. In his objections, Petitioner asserts that he is entitled to equitable tolling because his attorney failed to keep him apprised of the status of his case for post-conviction relief. Petitioner asserts that he hired his attorney in 2009, and his attorney told him that he would let Petitioner know when the case had reached the federal court system. According to Petitioner, his attorney told him that this process would take over two years. Petitioner states that he called his attorney for a

progress update after well over a year, and was told to call back. Petitioner indicates that he was unable to get a response from his attorney on the status of the case for over a year. Petitioner asserts that it was not until late in 2011 when he learned that his attorney had dropped his case after filing a motion for relief from judgment on Petitioner's behalf. Petitioner's petition became time-barred on March 15, 2011. The application of equitable tolling requires a showing of reasonable diligence. Petitioner has not provided any evidence in support of his assertion that he diligently attempted to determine the status of his case, and his allegations provide insufficient detail to show that he acted diligently. The only evidence that Petitioner has provided are letters from the Michigan Attorney Grievance Commission, which indicate that Petitioner has filed a Request for Investigation against his counsel. Since Petitioner has failed to show that he exercised reasonable diligence, he is not entitled to equitable tolling on this basis.

Petitioner also asserts that he is entitled to equitable tolling because of his actual innocence. However, Petitioner has failed to meet the standard for proving a claim of actual innocence. The allegations and evidence submitted in Petitioner's objections does not constitute new reliable evidence. Accordingly, Petitioner is not entitled to equitable tolling.

Petitioner's objections to the R&R [Doc. No. 9, 11, 12, 14] are without merit and are DENIED. Magistrate Judge Greeley's R&R [Doc. No. 8] is APPROVED and ADOPTED as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. L. Civ. R. 72.3(b). The petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is DENIED and DISMISSED WITH PREJUDICE.

If Petitioner files a notice of appeal, it will be treated as an application for a certificate of appealability which shall be DENIED pursuant to 28 U.S.C. § 2253(c)(2); Fed. R. App.

P. 22(b)(1); and *Slack*, 529 U.S. at 484.  Reasonable jurists could not find that this decision to dismiss Petitioner's claims is debatable or wrong.

A Judgment consistent with this Memorandum and Order will be entered.

SO ORDERED.


Dated:         3/31/2014                           */s/ R. Allan Edgar*
                                    R. Allan Edgar
                                    United States District Judge